IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                    01-CR-6036(CJS)

CLIVE HYMAN,                            **ORDER**

               Defendant.

---

In accordance with <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), and after having obtained the views of counsel for the parties, the defendant having petitioned the Court to re-sentence the defendant for those reasons set forth in his papers, and the United States having opposed the defendant's application, the Court, after consideration of the facts of this case, and having considered the various factors set forth in 18 U.S.C. § 3553, hereby determines that, for the reasons set forth in the attached bench decision, it would not impose a sentence that is "nontrivially different" from that previously imposed. Accordingly, this Court determines that no re-sentencing is required and denies the defendant's application for re-sentencing.

**IT IS SO ORDERED.**

DATED:    Rochester, New York, ~~June~~ July 5, 2005.

                                                   /s/ Charles J. Siragusa
                                                 HON. CHARLES J. SIRAGUSA
                                                 United States District Judge

```
 1                      UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF NEW YORK
 2     - - - - - - - - - - - - - - - - -X
       UNITED STATES OF AMERICA          )
 3                                       )    00-CR-6036(CJS)
       vs.                               )
 4                                       )
       CLIVE HYMAN,                      )
 5                                       )    21 U.S.C. 841(a)(1)
                     Defendant.          )
 6     - - - - - - - - - - - - - - - - -X

 7
                         Transcript of Proceeding
 8                (Sentence Remand and Reconsideration)
                Before the Honorable Charles J. Siragusa
 9                     United States District Judge

10                            18 May 2005
                           Rochester, New York
11

12     Michael A. Battle, Esq.
       United States Attorney
13     BY:  Bret A. Puscheck, Esq.
       Assistant United States Attorney
14     6200 Federal Building
       Rochester, New York 14614
15


16
       Jon P. Getz, Esq.
17     144 Exchange Boulevard
       Suite 108
18     Rochester, New York 14614
       For the Defendant
19


20
       Court Reporter:   Francis J. LeoGrande
21                       2120 United States Courthouse
                         100 State Street
22                       Rochester, New York 14614
                         (585)232-2540

23

24

25
```

```
 1                    P R O C E E D I N G S
 2                       *        *        *
 3          THE COURT:  This is the matter of United States
 4   versus Clive Hyman.
 5          The Court notes the presence of Mr. Getz on behalf
 6   of Mr. Hyman and Mr. Puscheck on behalf of the government.
 7          We are here pursuant to the remand from the Second
 8   Circuit and pursuant to United States versus Crosby, 397
 9   F.3d 112; and the decision of the Circuit in pertinent
10   part says, "Hyman also challenges the enhancement of the
11   sentence for possession of a firearm under U.S.S.G.
12   2D1.1(b)(1) on the ground that the enhancement, based on a
13   factual finding by the judge on a preponderance of
14   evidence, was unconstitutional because the jury acquitted
15   him on the charge of unlawful possession of a firearm in
16   furtherance of a drug-trafficking crime in violation of 18
17   U.S.C. 924(c)(1).  In light of the Supreme Court's opinion
18   in United States versus Booker, this case must be remanded
19   to the district court for proceedings consistent with this
20   Circuit's recent decision in United States versus Crosby.
21   For the foregoing reasons, the judgment of conviction is
22   hereby affirmed and the case is remanded for sentencing
23   proceedings consistent with Booker and Crosby."
24          The Court notes in Booker the Circuit stated,
25   "Accordingly, without requiring alteration of Crosby's
```

```
 1   sentence, we will remand the case to the District Court so
 2   Chief Judge Scullin may consider, based on the
 3   circumstances at the time of the original sentence,
 4   whether to resentence, after considering the
 5   currently-applicable statutory requirements as explicated
 6   in Booker/Fanfan and this opinion.  In making that
 7   threshold determination, the District Court should obtain
 8   the views of counsel, at least in writing, but need not
 9   require the presence of the defendant.  Upon reaching its
10   decision, with or without a hearing, whether to
11   resentence, the District Court should either place on the
12   record a decision not to resentence, with an appropriate
13   explanation, or vacate the sentence and, with the
14   defendant present, resentence in conformity with the SRA
15   Booker/Fanfan, and this opinion."
16          In regard to remand, the Booker case also says,
17   "Remand to afford the judge an opportunity to determine
18   whether the original sentence would have been nontrivially
19   different under the post-Booker/Fanfan regime will
20   normally be necessary to determine whether the error is
21   harmless or, if not properly preserved, is available for
22   review under plain error analysis."
23          Now, I did receive the submission from Mr. Getz.
24   Did you submit anything?
25          MR. PUSCHECK:  Yes.  The same day I filed it
```

```
 1  electronically.
 2          THE COURT:  For some reason I did not get it.
 3          MR. PUSCHECK:  It's not particularly voluminous.
 4          THE COURT:  Do you have a copy?
 5          MR. PUSCHECK:  I did not bring a copy down.
 6          MR. GETZ:  I believe I have a copy, your Honor.
 7          (There was a pause in the proceeding.)
 8          MR. GETZ:  I do have a copy, your Honor.
 9          THE COURT:  Thank you.  I would note to the extent
10  Crosby left any doubt that the preponderance of evidence
11  standard applies and is still viable in sentencing
12  determinations, the Second Circuit in a recently-decided
13  case of United States versus Gonzales, 2005 Westlaw
14  10230594, indicated the following, referring to the
15  argument that the preponderance of evidence standard
16  should not apply:  "Such a mandate straightjackets a
17  district court in exercising its authority that endures
18  post Booker to resolve disputed facts by preponderance of
19  evidence when arriving at a guideline sentence," referring
20  to Crosby.
21          It goes on to say, "Decisions about sentencing
22  factors will continue to be made by judges on the
23  preponderance of evidence standard, an approach that
24  comports with the Sixth Amendment, so long as the
25  guideline system has flexibility."
```

1    In other words, it seems absolutely clear in the
2    Circuit, to the extent it wasn't, following Crosby, that
3    as long as the Court recognizes that the guidelines are
4    advisory and not mandatory, that findings under the
5    preponderance of evidence standard are still appropriate
6    under the current state of the law.
7        Now, if memory serves me correctly, I did give Mr.
8    Hyman 188 months on both counts to run concurrently, if
9    memory serves me correctly.
10       MR. PUSCHECK: That's correct.
11       MR. GETZ: Yes.
12       THE COURT: So the issue now is as I reconsider the
13   sentence in light of Booker/Fanfan and Crosby, would my
14   sentence change? That is, would I have given him a
15   different sentence or, to use the words of Crosby, would
16   the original sentence have been "nontrivially different"
17   under post Booker and Fanfan.
18       I have read carefully your sentencing memorandum on
19   behalf of Mr. Hyman. I'll give you a chance to make any
20   argument you want.
21       MR. GETZ: Thank you. I'll be brief, but thank
22   you.
23       THE COURT: Go ahead.
24       MR. GETZ: Thank you, Judge. Your Honor, I think
25   perhaps, as this Court is aware and as the government is

1   aware, Mr. Hyman's situation is kind of a unique, if you
2   will, hybrid case in the fact that the matter was
3   determined pre-Blakely; and in fact, it was what you just
4   said, your Honor, a major factor argued before the
5   Circuit, what should we do with Mr. Hyman's situation.  I
6   would submit to you, just as I submitted to the Circuit
7   Court, first of all, the significant difference in time
8   being argued, if you will, and this issue -- maybe I'll
9   take another step back, your Honor, and say, including the
10  Booker case, just when reviewing Section 3553, as of
11  yesterday, I pulled off and have read most of about 50
12  cases that have been reported just to try to get an idea
13  as to arguments before this Court and in review why this
14  Court mentioned, in a matter just before here, that's this
15  case, in the sense of there's a firearm possession it's
16  pretty clear.

17          That being said, your Honor, there's this issue of
18  does not prevent consideration, and there's also issues
19  that by statute at the time of this sentencing this Court
20  could not even consider as far as outside the guideline
21  range, so to speak.  But this Court made very clear at the
22  time of sentencing why you felt the 188 months was
23  appropriate in its totality, and I would submit, again,
24  perhaps misstated in the statement with respect to
25  sentencing factors, again, another hybrid situation which

```
 1  is still relatively new, I guess I would ask to move it
 2  for a motion to vacate and then ask for Mr. Hyman to be
 3  here to consider that.
 4          And I think it's important to note, which the Court
 5  said, in working to Mr. Hyman's disadvantage, he will be
 6  deported when he completes his sentence.  There is no
 7  question about that.  The conviction for which he stands,
 8  once his confinement is over, will result in his near
 9  immediate deportation.  He has no prior criminal history.
10  He had no issues with regard to obstruction.
11          And I think it's important to note, your Honor,
12  with regard to this firearm -- and unfortunately, I did
13  not have the Court's nor government's background in the
14  trial, but I have reviewed this trial transcript, and I
15  think something the Court said during sentencing, Mr.
16  Hyman was said to have been right by the couch where this
17  firearm was found, and yet I think this Court does have
18  the ability, even though you're not prevented from
19  reviewing this information and not prevented from
20  utilizing the now-advisory guidelines, that you are not
21  prevented from reviewing the jury's decision either.
22  Although it's difficult to get into their mind, I think
23  there are certainly a number of explanations as to, A, why
24  there was acquittal on the 924 charge and, B, why this
25  Court should not enhance to the 188 months.  And we would
```

1  request anywhere from the statutory minimum to 151 months
2  just to give the Court some guidance there.  In the sense
3  that this Court can now even -- can consider beyond those
4  sentencing guidelines, if you will, the reductions and
5  aggravating factors when coming up with what is determined
6  under 3553, and as we stated in the information that was
7  provided what would be the sentence that would -- excuse
8  me, Judge.  I would like to quote this.  3553, which
9  requires that the district court "impose a sentence
10 sufficient, but not greater than necessary to comply with
11 the purposes of sentencing."
12        I think when we look at the four corners of what's
13 greater than necessary, I would submit to this Court that
14 certainly, the purposes of sentencing when applied to the
15 facts involving Mr. Hyman's case would place him in a
16 situation where -- again, no question as to the
17 retribution, we're not talking about him getting probation
18 or even being released today, but a term of between 10 and
19 12 and-a-half years, I think that would show the
20 seriousness of punishment and I believe not only that, but
21 submit that would promote respect for the law not only to
22 this defendant but to the public.
23        I would submit again, as well, the time frames we
24 are requesting would certainly act as a deterrent,
25 although, moot in Mr. Hyman's case if he is deported and

1  comes back as it's another criminal charge and I think its
2  enhancements would be significant.  Incapacitation, here,
3  I think that falls in; and the rehabilitation, and this
4  was difficult in a sense that I had made contact with Mr.
5  Hyman, in fact he called me today, and I've been
6  attempting to get some information from the Bureau of
7  Prisons; but upon information and belief, he is doing what
8  he needs to do while he is in prison.  The reason I bring
9  this up is because now we have a picture from prior to his
10 conviction and now post-conviction as to with the
11 training, etcetera, that he'll be receiving, for lack of a
12 better term, the rehabilitation he will receive, when he
13 is deported back to Jamaica, I would certainly hope and
14 believe that he has an opportunity to then live a
15 law-abiding life in that country.
16         So when we look at this and the mandates before
17 this Court, we're not arguing -- and I think even with the
18 50 cases that are present and just from what I read, we're
19 not arguing that the Court is prevented in any way from
20 considering that 188 months, and indeed the 188 months
21 would be the higher end, using the advisory guidelines
22 would have put him at the higher end of the numbers at the
23 offense level, as opposed to the lower end; but I think
24 the Court can and should vacate Mr. Hyman's sentence based
25 upon the totality of the circumstances, if you will, that

1  go beyond what the Court was allowed to review at the time
2  of his original sentence.
3       I am more than happy to provide the Court a
4  follow-up.  I think the Court obviously may be in a bit
5  of -- for lack of a better way to describe it -- a ground
6  hog day for the Court, because a number of these issues
7  are arising, but I think it's important to note the
8  individuality of these cases; and in Mr. Hyman's case, the
9  time we're asking in my client's case while significant to
10 him, 31 or 33 months that we're requesting, would have no
11 negative impact to the government nor negative impact on
12 3553 for the Court.
13      Unless you have questions, I think I covered what I
14 needed to cover on behalf of Mr. Hyman.
15      THE COURT:  Any comment, Mr. Puscheck?
16      MR. PUSCHECK:  No, thank you, Judge.
17      THE COURT:  The Court has had a chance to consider
18 Mr. Hyman's case, and the Court considered it de novo.  In
19 other words, I have considered the sentencing scheme that
20 I am required to do now.  That is, I went back, reviewed
21 all the factors in 18 U.S.C., Section 3553, which includes
22 the following:
23      The nature and circumstances of the offense.  I
24 note that Mr. Hyman was, if memory serves me correctly,
25 found guilty of possession with intent to distribute, and

```
 1   I want to make sure I am accurate, 500 grams or more of
 2   cocaine and 50 grams or more of cocaine base.  So I have
 3   considered the nature and the circumstances of the
 4   offense.
 5           I have considered who Mr. Hyman is, his background,
 6   his history.  I have also considered what you referred to,
 7   Mr. Getz, and that's need for the sentence imposed to
 8   reflect the seriousness of the offense to reflect respect
 9   for the law and provide just punishment for the crime of
10   conviction.  I have considered the need for the sentence
11   imposed to afford adequate deterrence to criminal conduct
12   and simply send a message that such conduct will not be
13   tolerated, to protect the public from further crimes from
14   the defendant; and while you are correct, and the Court
15   did mention that he will be deported, but there have been
16   far too many cases where persons deported turn around and
17   come right back; and I have also considered the sentence
18   providing Mr. Hyman with an opportunity for training in a
19   correctional setting.
20           I have considered all the sentences, all the
21   statutory options, as you pointed out, the minimum of ten
22   years up to life in prison.  I have considered, as I must,
23   the sentencing guidelines, which are no longer mandatory,
24   but advisory.  As to the sentencing guidelines, the Court
25   believes that it correctly applied the preponderance of
```

```
 1  evidence standard as clarified in this Circuit, and the
 2  Court stands by the findings it previously made with
 3  respect to the guidelines.
 4          Having done that and being mindful of what you
 5  point out in your submission to the Court, and that is you
 6  refer to 18 U.S.C., Section 3553(a) and state it requires
 7  the district court to impose a sentence, "sufficient but
 8  not greater than necessary," the Court has considered all
 9  the factors, including that statement, and having
10  conducted this de novo review, the Court determines that
11  in applying all the factors of 18 U.S.C. Section 3553,
12  including the sentencing guidelines, which are now
13  advisory and not mandatory, the Court would have reached
14  the same conclusion as to an appropriate sentence for Mr.
15  Hyman in lieu of all such objectives.
16          Therefore, the Court, having reviewed the
17  submissions, and specifically carefully reviewed Mr.
18  Hyman's submission, determines that the sentence that Mr.
19  Hyman received of 188 months on each count to run
20  concurrent was fair, just, and appropriate in applying the
21  sentencing requirements post Booker/Fanfan, and in
22  accordance with Crosby and Gonzales determines that, that
23  is indeed the sentence I would give him if sentencing
24  occurred today; and therefore, the application to vacate
25  the sentence is denied.
```

```
 1          That's the decision of the Court.  You can have
 2  exception, Mr. Getz.
 3          MR. GETZ:  Thank you, your Honor.
 4          Your Honor, just a housekeeping matter.  I was not
 5  initially appointed for this particular matter; however, I
 6  continue to accept appointment.
 7          THE COURT:  Send me a voucher, Mr. Getz, and I'll
 8  sign it.  The Court appreciates your efforts on behalf of
 9  Mr. Hyman.
10          (The court was adjourned.)
11                     *     *     *
12                  CERTIFICATE OF REPORTER
13
14     I certify that the foregoing is a correct transcript
15  of the record of proceedings in the above-entitled matter.
16
17  _____        _____6/10/05_____
18  Francis J. LeoGrande                        Date
    Official Court Reporter
```